IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-296-M |
| | ) |
| LIBERTY MUTUAL FIRE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion to Quash, filed August 13, 2009. On August 31, 2009, defendant filed its response, and on September 14, 2009, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

The instant action is a bad faith case based upon an uninsured motorist claim plaintiff submitted to defendant that arose out of an automobile accident that occurred on November 10, 2006. Plaintiff moves this Court to quash the third-party document subpoena filed by defendant seeking the production of all documents relative to the employment of plaintiff from non-party Mercy Health Center and/or to enter a protective order to the effect that such discovery should not be had.

Protective orders are governed by Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (A) forbidding the disclosure or discovery; . . . .

Fed. R. Civ. P. 26(c)(1).

  The party seeking a protective order must show "good cause" for his request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

  Further, Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

  Plaintiff asserts that the information requested in the subpoena is wholly irrelevant to plaintiff's bad faith claim against defendant, as such information was not used by defendant during its investigation of plaintiff's claim, would be inadmissible at trial as a matter of law, and is, therefore, not discoverable. Plaintiff further asserts that because the information sought is irrelevant, inadmissible, and not discoverable, non-party Mercy Health Center should not be subjected to the undue burden of producing such information.

Defendant states that plaintiff has previously answered discovery on the issue of potential employment without asserting a relevancy objection and signed a written authorization permitting the documents to be furnished. Additionally, defendant contends that plaintiff has not met her burden of showing that non-party Mercy Health Center would be subjected to an undue burden by providing the requested documents. Defendant further contends that the employment records sought are relevant and/or reasonably calculated to lead to the discovery of admissible evidence because plaintiff has claimed the incapacity to earn wages as part of her damages in the instant case.

Having carefully reviewed the parties' submissions, the Court finds that while the employment records at issue may not be relevant or admissible regarding whether defendant acted in bad faith, those records are relevant to and/or reasonably calculated to lead to the discovery of admissible evidence regarding plaintiff's claimed damages in this case. Further, the Court finds that plaintiff, other than mere conclusory statements, has not shown how non-party Mercy Health Center would be subjected to an undue burden by being required to produce the requested documents.

Accordingly, the Court DENIES plaintiff's Motion to Quash [docket no. 63].

**IT IS SO ORDERED this 8th day of October, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE